[Civ. No. 27924. First Dist., Div. Three. Mar. 29, 1972.]

GEORGE P. COLBERT et al., Plaintiffs and Appellants, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO JUDICIAL
DISTRICT OF THE CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

498

## Counsel

Penrod, Himelstein, Savinar & Sims and Mark Himelstein for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and Karl S. Mayer, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

## OPINION

CALDECOTT, J.—On January 10, 1972, the United States Supreme Court granted appellants' petition for writ of certiorari, vacated this court's judgment, and remanded the case to this court for further consideration in the light of *Mayer* v. *City of Chicago,* 404 U.S. 189 [30 L.Ed.2d 372, 92 S.Ct. 410].

This case was previously before this court (unpublished opinion 1 Civil No. 27924) at which time we affirmed the order of the superior court denying appellants' petition for writ of mandate.

Appellants, following their conviction in the municipal court, had made a motion for a free transcript. The motion was denied by the municipal court. Appellants then filed a petition for writ of mandate in the superior court which was also denied. Appellants then appealed to this court from the order denying the writ of mandate. Appellants had filed a "Statement of Issues to be Raised on Appeal" in the municipal court, but through inadvertence of counsel, the statement was not filed with the superior court. The statement was referred to by various documents before the superior court and during argument of the petition before that court. The record does not show, however, that the superior court judge was ever informed as to the nature of the issues on appeal. The superior court properly denied the petition for writ of mandate in accordance with the law of California in effect at that time.

The United States Supreme Court in *Mayer* v. *City of Chicago, supra,* changed the requirements necessary to obtain a free transcript. In that case, the court stated at page 195 [30 L.Ed.2d at pages 378-379], "We emphasize, however, that the State must provide a full verbatim record where that is necessary to assure the indigent as effective an appeal as would be available to the defendant with resources to pay his own way. Moreover, where the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds."

As we read the *Mayer* case, the indigent defendant is entitled to

a full verbatim record only when it is necessary to assure an effective appeal. The defendant thus has the initial burden of showing that the grounds of appeal make out a colorable need for a complete transcript. At the hearing before the superior court on the petition for writ of mandate, the appellants did not do this. Apparently at that time[1] and as previously stated on appeal, they based their right to a free transcript on the complexity of the case, the number of witnesses called and the length of the trial, not on the grounds of appeal. ■■ Appellants apparently still contend that the complexity of the trial and the number of witnesses require a transcript for an effective appeal and that these factors satisfy the colorable need requirement. This claim is not supported by *Mayer*. Appellants' right to a transcript must be based on the grounds of appeal.

■■ The Supreme Court also pointed out in *Mayer*, quoting from *Draper* v. *Washington*, 372 U.S. 487, 498 [9 L.Ed.2d 899, 907, 83 S.Ct. 774], that "[T]he *State* could have endeavored to show that a narrative statement or only a portion of the transcript would be adequate and available for appellate consideration of petitioners' contentions." (Italics added.) Thus *Mayer* does not rule out the use of an agreed statement or a portion of the transcript but *now* the state has the burden of showing that such will suffice for an effective appeal.

Mr. Justice Blackmun, in a concurring opinion, pointed out that several years had passed since the matter of Mr. Mayer's indigency was considered by the Illinois court. (Mayer was at the time of trial a medical student.) Justice Blackmun states, "Perhaps by now he is licensed and earning his living. If so, these will be factors to be considered by the Illinois courts on remand." ■■ In the present case, the appellants' status as indigents may have changed in the intervening two and one-half years. The municipal court should reconsider each appellant's status as an indigent, as of the present time. If that status is established, the court should determine whether the proposed grounds of appeal make out a colorable need for a transcript, and if so, should place upon the prosecution the burden of showing that an alternative to a transcript will suffice for an effective appeal.

The case is remanded to the Superior Court of the City and County of San Francisco with directions to remand to the Municipal Court, City and County of San Francisco for further proceedings not inconsistent with this opinion.

Draper, P. J., and Brown (H.C.), J., concurred.

---

[1]There is no transcript of this hearing as a court reporter was not present.